**UNITED STATES of America,**
**Appellee,**

v.

**George BARRETT and Michael**
**Nemirka, Appellants.**

**No. 367, Docket 26086.**

United States Court of Appeals
Second Circuit.

Submitted June 16, 1960.

Decided July 18, 1960.

---

Daniel H. Greenberg, New York City, for appellants.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern District of New York, New York City (Herbert F. Roth, Astoria, N. Y., Gideon Cashman, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before WATERMAN, MOORE and HAMLIN,* Circuit Judges.

PER CURIAM.

Appellants were charged in seven counts of a thirteen count indictment alleging joint violations by them of 18 U.S.C. § 659 and § 1951. They were convicted on all seven. Two of these counts, one charging conspiracy to commit the substantive crime, the other charging its commission, alleged violations of § 1951; the remaining five alleged separate violations of § 659. These counts all relate to the accusation that in New York City on August 25, 1958 appellants participated in the theft while in interstate commerce of a motor vehicle truck and of women's garments contained therein. The truck driver, Arsenio Montes, testified that on August 25 he was engaged in picking up cartons of women's garments for shipment to points in western Pennsylvania and southern Ohio. As he was reentering his truck after the completion of his second pickup, two persons approached him in a threatening manner announcing that a holdup was to occur. He identified appellants as these individuals. Montes further testified that he was compelled to leave the keys to the truck on the driver's seat, and that appellants pointed out the location of the keys to a masked confederate who was standing nearby. Montes was then taken for an automobile ride of approximately two hours duration. Two days later the truck was discovered, abandoned, and with most of its contents removed. The car in which Montes rode was later identified and was found to be owned by a friend of appellants. A substantial portion of the stolen merchandise was later discovered in the dress shop of a codefendant, a person who had recently become acquainted with the appellants.

Appellants object to the admission by the district court of Montes' testimony concerning appellants' detention of Montes and the conversations during the two-hour period that he was detained by them. Appellants argue that this detention constituted kidnapping under New York law, and that admission of this evidence was unnecessary to prove the federal crimes charged, and was prejudicial error. The testimony was clearly relevant in establishing that there was a connection between appellants' conduct and the theft of the truck and its contents. Evidence of events relevant to the proof of one crime is not incompetent simply because it tends to prove the commission of another. United States v. Eury, 2 Cir., 1959, 268 F.2d 517, 520.

Appellants contend that the district judge erred in reproving trial counsel for one of the defendants when he expressed to the jury his personal belief in appellants' innocence. This contention is without merit. Also without merit is a contention that there was insufficient evidence of appellants' guilt to justify submitting the case to the jury.

And, finally, we reject a claim that appellants were prejudiced by a misstatement of fact by the prosecuting attorney during summation. It is by no means certain that the statement excepted to was a misstatement of fact. If so, it was unintentional, and any resulting error was promptly rectified by the district judge's admonitions to the jury.

Affirmed.

* Of the Ninth Circuit, sitting by designation.