Michael NEMIRKA, Petitioner,

v.

UNITED STATES of America,
Respondent.

United States District Court
S. D. New York.

Oct. 15, 1964.

Michael Nemirka, petitioner, pro se.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, for respondent, Andrew J. Maloney, Asst. U. S. Atty., New York City, of counsel.

SUGARMAN, District Judge.

Petitioner moves "for an order vacating and setting aside the sentence imposed upon" him "on February 18, 1959 * * * and verdict of guilty rendered January 27, 1959 by a jury after trial" in this court.

Petitioner's affidavit in support of his motion having asked leave to proceed in forma pauperis, that request was granted heretofore by Judge Cashin by order filed August 17, 1964 and the motion was placed upon the criminal motion calendar for September 21, 1964 when it was marked submitted before me.

There have been considered on this motion the petitioner's undated notice of motion, his affidavit sworn to August 14, 1964, in support of the motion; the affidavits of Andrew J. Maloney, James Garlinge, William S. Lynch, Benjamin Glass and Margaret Leary, sworn to on September 18, 8, 3, 2 and 18, 1964 respectively, in opposition; petitioner's letter of September 24, 1964 to the clerk of this court, in reply; and records in petitioner's case in the Court of Appeals.

In addition to facts supporting his application for leave to proceed in forma pauperis, petitioner's affidavit of August 14, 1964 shows that he went to trial before a Judge and jury in this court on January 21, 1959, was found guilty on January 27, 1959 and was sentenced to 10 years imprisonment on February 18, 1959, which sentence was reduced by the Judge to 8½ years on July 19, 1960. It is further shown that petitioner's conviction was affirmed by the Court of Appeals on July 19, 1960, United States v. Barrett and Nemirka, 280 F.2d 889 (2d Cir. 1960), rehearing denied (not reported), May 22, 1962.

The defect in the district court's proceedings are alleged to be the "petitioner's absence from Court at 3:20 p. m. on January 27, 1959 and because of the failure of those having custody of his person to produce him in Court at any time subsequent to the said time and date except upon commencement of the sentencing proceedings on February 18, 1959".

Petitioner claims that he was not in court "at 3:20 p. m. when the jury was given certain exhibits * * * at 3:35 p. m. * * * 3:45 p. m. * * * 4:15 p. m." when the jury received further instructions, and at 5:00 p. m. when the

verdict of guilty was taken, all on January 27, 1959. Petitioner says that he was taken to the Marshal's quarters in this courthouse when the case went to the jury and returned to the courtroom at the Judge's order only once, at 2:15 p. m., when the Court gave the jury further instructions in answer to a request therefor from the jury. Petitioner states that thereafter and at the times above stated he was never brought back to the courtroom and that at 3:20 p. m. when the jury was given the exhibits even his lawyer was not there because they were then conferring in the Marshal's quarters.

Petitioner further states that although he was in the Marshal's custody in the courthouse from 3:05 p. m. (apparently having been returned there after the 2:15 p. m. appearance in the courtroom) until after the taking of the verdict at 5:00 p. m. he first learned from Deputy Marshals of his conviction and of the date set for sentencing while being taken back by them from the courthouse to the Federal Detention Headquarters.

Petitioner emphasizes that, except as to the 2:15 p. m. incident [1] the trial record does not reflect his presence in court at any subsequent events on January 27, 1959.

The government in opposition to the motion submits the affidavit of Andrew J. Maloney, the Assistant United States Attorney presently handling the motion who admittedly has no personal knowledge of what occurred at the trial on January 27, 1959. This affidavit does however state that "The defendant Nemirka having been previously convicted of murder in the 2nd degree was given a term of 20 years to life in prison, was released on parole in 1952. As a result of his confiction [sic—conviction] in this case the New York City authorities have lodged a detainer against the defendant pending his release on the Federal charge".

The government also submits the affidavit of James Garlinge, the Judge's bailiff at the time of the trial who states that "I recall several requests from the jury after they retired to deliberate and I recall that the defendant was present with his counsel when certain exhibits were given to the jury and additional charges were read * * * I specifically recall the defendant Michael Nemirka being present at the time the jury rendered its verdict * * * because * * * defendant Nemirka became very loud and boisterous".

The government also filed in opposition to this motion the affidavit of William S. Lynch who was the Assistant who tried the case. Mr. Lynch states that the jury "made several requests for exhibits and clarification and to my recollection returned at least one time to the courtroom so the court could respond to a question posed by the jury. To the best of my recollection the defendant Michael Nemirka was in the courtroom when the jury returned for the court's instruction and when the requests of the jury were discussed by" the Judge with counsel. Mr. Lynch's affidavit further states that "At the time the jury returned with the verdict both defendants were in the courtroom sitting at counsel table with defense counsel. My recollection of this is particularly clear because shortly after the verdict was announced there was an emotional outburst by the defendant Michael Nemirka".

Also in opposition to the motion the government submitted the affidavit of Benjamin Glass, who was petitioner's counsel at the trial. Mr. Glass states, "after the jury retired to deliberate and thereafter returned for the production of certain exhibits and additional charges,

---

1. "THE COURT: Now, the defendants are not here. One of them is here and the other one is downstairs. Do you think it would be safer to have both of them here?
"MR. LYNCH [Assistant U. S. Attorney]: I think it would be, for the purpose of the record.

"THE COURT: All right. Will you get Mr. Nemirka, please?
(A pause)
"MR. LYNCH: Let the record indicate that both defendants are present."

that both myself and my client were present" and that "It is further my best recollection that my client, Michael Nemirka, was present at the time the jury returned and rendered a verdict of guilty in this case".

Finally the government filed the affidavit of Margaret Leary who was the deputy clerk of the court at the trial. She states that "My minute sheets of the trial reveal that there were several requests from the jury after they retired to deliberate. Each time the jury returned to the court room my duties required that I see to it that the defendant Nemirka, along with counsel, was present. To the best of my recollection, the defendant Nemirka and his counsel were present whenever the jury was in the court room * * * I recall specifically the fact that the defendant Nemirka was present when the jury rendered its verdict of guilty because of the loud and very explicit epithets which the defendant made to the jury concerning his being condemned to life imprisonment because of the verdict of guilty in this case".

In reply petitioner has written a letter in which he states *inter alia* that "the official record of the trial proceedings makes no reference whatsoever to any loud and boisterous conduct by the defendant Nemirka, or goes so far as to reflect the defendant's presence when the jury announced its verdict".

The minutes of the pertinent parts of the trial show that the first message came from the jury at 2:15 p. m. when the absence of petitioner was noted by the Court (see note 1 supra) and he was produced before any further proceedings took place. After answering the jury's questions the Judge gave them a copy of the indictment and they retired at 3:05 p. m. The trial minutes then show that at 3:20 p. m. a second note was received from the jury requesting invoices, bills of lading and photographs of an automobile, all of which were identified by exhibit numbers by the Assistant United States Attorney as exhibits received in evidence at the trial. It does not appear

that defendant or his attorney were then present in the courtroom. The minutes then show that at 3:35 p. m. another message was received from the jury. Defendant's counsel was present at that time and discussed with the Judge and the Assistant United States Attorney the instructions which the Judge would give in answer to the inquiry. At 3:45 p. m. the jurors came to the courtroom and the Judge answered their question. The minutes do not indicate whether petitioner was in the courtroom at that time. The jury retired again at 3:45 p. m. to continue its deliberations.

At 4:15 p. m. the minutes show that the Judge received another note from the jury requesting certain evidence in the case which had been stipulated by the parties. Defendant's attorney was present and participated in the discussion between the Judge and counsel as to how the question would be answered, whereupon the jurors were brought in (at a time not stated in the minutes), and the court reporter read to them the stipulation from the record, after which they again retired, at 4:50 p. m. It does not appear whether defendant was present in the courtroom during this occurrence.

Finally, the minutes show that at 5:00 p. m. the jury returned and announced its verdict of guilty. Although the minutes do not indicate whether defendant and his attorney were present at the announcement of the verdict and the polling of the jury (pursuant to the request of counsel for the co-defendant), it is clear that immediately after the jury was excused petitioner's counsel made the customary motions on his behalf.

The minutes do not show any outburst by defendant after the verdict.

In Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), a case dealing with a disputed issue of fact as to whether defendant's guilty plea was induced by promises and threats made to defendant in private conversations between defendant and the prosecutor, the Court held it er-

ror to deny the motion under 28 U.S.C. § 2255 without a hearing. However, that decision contains the caveat (at p. 495, 82 S.Ct. at p. 514):

> "What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. * * *

> (At p. 496, 82 S.Ct. at p. 514) "There will always be marginal cases, and this case [Machibroda] is not far from the line. But the *specific and detailed* factual assertions of the petitioner [details of the private conversations with the prosecutor], while improbable, cannot at this juncture be said to be incredible" (emphasis and bracketed portions supplied).

In the instant motion Nemirka says that he was not present in the courtroom during certain proceedings and that at one of these neither was his lawyer. I understand Machibroda to teach that if this assertion by Nemirka is incredible he is not entitled to the hearing contemplated by 28 U.S.C. § 2255, even without his presence, and his application may be denied on the papers.

## I.

Petitioner argues that because the record reflects his presence at the 2:15 p. m. incident but does not reflect his presence thereafter it should be concluded that he was not present at the subsequent incidents. I draw a precisely opposite inference. The Judge, scrupulously enforcing defendant's right to be present at all stages of the proceedings and noting his absence at 2:15 p. m., refused to proceed until he was brought to the courtroom. That there was no recurrence of this aspect of the record indi-cates to me that there was no need for it because the petitioner was present at all times thereafter.

## II.

■ Petitioner was represented on his appeal from his conviction by a lawyer of high repute and ability who was retained by petitioner and assigned by the appellate court to represent the co-defendant. As the decision of the Court of Appeals (280 F.2d 889) and the briefs in that court (on the direct appeal and the *pro se* motion to reargue it) show, no question was ever raised that defendant was not present at all stages of the proceeding. This of course does not foreclose petitioner's right to raise it now [2] but it does cast grave doubt on the credibility to be given the petitioner's belated assertion now raised for the first time that he was not present at all stages of the proceeding. It justifies the belief that the present motion is simply an afterthought stimulated by the Machibroda decision, supra.

## III.

It is undisputed that petitioner has a compelling reason to set aside his conviction of January 27, 1959 in this court for that serves as the basis of his violation of parole in the state court and presents the possibility of his spending the rest of his life in a state prison after he completes service of his present federal imprisonment.

■ In weighing the petitioner's present assertion against the contradictory assertions of the Judge's bailiff, the Assistant District Attorney who tried the case, defendant's lawyer who defended him at his trial, and the deputy clerk of the court, none of whom has any discernible reason not to tell the truth, the conclusion is inescapable that at this juncture petitioner's assertions are incredible.

The motion is denied without a hearing. It is so ordered. No further order is necessary.

2. 28 U.S.C. § 2255—"A motion for such relief may be made at any time."